**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

**DONALD RAY SMITH (#429663)**                                      **CIVIL ACTION**

**VERSUS**                                                          **NO. 25-129-JWD-EWD**

**TRAVIS DAY, ET AL.**

## <u>NOTICE</u>

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on May 26, 2026.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

DONALD RAY SMITH (#429663)                                    CIVIL ACTION

VERSUS                                                        NO. 25-129-JWD-EWD

TRAVIS DAY, ET AL.

## MAGISTRATE JUDGE'S REPORT, RECOMMENDATION, AND ORDER

Before the Court is a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody (the "Petition"), filed by Donald Ray Smith ("Petitioner").[1] An Answer and Memorandum in Opposition to Petition for Writ of Habeas Corpus have also been filed and considered.[2] Because the Petition is untimely, and there is no basis for tolling, Petitioner's claims should be dismissed. There is no need for oral argument or for an evidentiary hearing.

### I.    PROCEDURAL HISTORY

On July 8, 2013, Petitioner was charged by bill of information for failure to register as a sex offender in violation of Louisiana R.S. § 15:542.1.[3] On January 13, 2014, Petitioner pleaded guilty as charged.[4] Because he was a habitual offender, Petitioner was sentenced to eighteen years in the Department of Corrections with credit for time served and without the benefit of probation, parole, or suspension of sentence.[5] Petitioner filed a Motion to Reconsider Sentence in the trial court, which was denied on September 25, 2014.[6] Petitioner did not file a direct appeal. On October 29, 2021, Petitioner filed a post-judgment motion seeking to vacate the habitual offender

---

[1] R. Doc. 1. Documents filed into the Court record are referred to as R. Doc. __.

[2] R. Docs. 11, 12.

[3] R. Doc. 9-1, p. 21.

[4] R. Doc. 9-1, pp. 30, 33.

[5] R. Doc. 9-1, p. 34.

[6] R. Docs. 8-1, pp. 97-98; 21-2, p. 6.

adjudication and sentence that was treated by the trial court as an application for post-conviction relief.[7] On December 8, 2023, the trial court denied Petitioner's application for post-conviction relief.[8] Petitioner filed a writ at the Louisiana Court of Appeal for the First Circuit, which was denied on August 12, 2024.[9] Petitioner also sought review from the Louisiana Supreme Court, which was denied on November 20, 2024.[10] Petitioner then filed his Petition in this Court on or about January 28, 2025.[11]

## II. LAW & ANALYSIS

### A. The Petition is Untimely

Pursuant to 28 U.S.C. § 2244(d), a one-year statute of limitations applies to federal habeas corpus claims brought by prisoners in state custody. This limitations period begins to run on the date the judgment becomes final through the conclusion of direct review or through the expiration of time for seeking such review.[12] If a petitioner stops the direct appeal process before proceeding through all available state courts, "the conviction becomes final when the time for seeking further direct review in the state court expires."[13] The time during which a "properly filed" application for state post-conviction or other collateral review is "pending" in the state courts tolls the one-year limitations period. In other words, the time when a properly filed application is pending in the state

---

[7] R. Doc. 9-1, pp. 38-57. Though the motion, which was treated as an application for post-conviction relief, was date-stamped April 22, 2022, the trial court noted the motion was filed on or about October 29, 2021. R. Doc. 9-1, p. 57. For the Petitioner's benefit, this Report and Recommendation also uses the earlier filing date.

[8] R. Doc. 9-1, p. 57.

[9] R. Doc. 9-1, p. 59.

[10] R. Docs. 9-3; 9-4.

[11] R. Doc. 1, p. 8. On November 30, 2024 and December 17, 2024, Petitioner filed writs at the Louisiana Supreme Court that appear to be unrelated to the habeas petition regarding his treatment while incarcerated, which were dismissed as not considered on January 28, 2025 because Petitioner had not shown he sought review in the lower courts before proceeding to the Louisiana Supreme Court or any "extraordinary circumstances" that would justify bypassing that level of review.  R. Docs. 9-7; 9-8 (citing La.S.Ct.R. X § 5(b)).

[12] 28 U.S.C. § 2244(d)(1)(A).

[13] *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).

court does not count toward the one-year limitations period.[14] On the other hand, any time during which there are no properly filed post-conviction or collateral review proceedings pending before the state courts counts toward the passage of the one-year limitations period. A state post-conviction relief application is considered "pending" (1) while it is before a state court for review; and (2) during the time authorized to file a timely application for further review at the next level of state consideration (thirty days in the State of Louisiana, unless an *allowable* extension is granted).[15] Finally, as explained in further detail below, once 365 days of untolled time has passed, a petitioner's federal habeas petition may only be considered timely if he or she is entitled to statutory or equitable tolling. These general timing principles apply in this case as follows:

On June 17, 2014, Petitioner filed a Motion to Reconsider Sentence, which was denied on September 25, 2014.[16] Petitioner did not file a direct appeal, so his conviction became final when his time to appeal expired on October 27, 2014, thirty days after the Motion to Reconsider was denied.[17] The limitations period began to run the following day, on October 28, 2014.[18]

Petitioner did not file post-conviction relief proceedings until October 29, 2021, when he filed a post-judgment motion seeking to vacate the habitual offender adjudication and sentence

---

[14] 28 U.S.C. § 2244(d)(2).

[15] *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001).

[16] R. Docs. 8-1, pp. 97-98; 21-2, p. 6.

[17] The thirtieth (30th) day following denial of the Motion to Reconsider Sentence fell on a Saturday, so Petitioner would have had until Monday, October 27, 2014 to file an appeal.

[18] The Motion to Reconsider Sentence appears to have only been denied orally in open court and not reduced to writing. Rule 4-3 of the Louisiana Uniform Rules, Courts of Appeal, states, in relevant part, "[i]n criminal cases, unless the judge orders the ruling to be reduced to writing, the return date shall not exceed 30 days from the date of the ruling at issue." This language indicates that rulings are not required to be reduced to writing. Further, Rule 4-2 makes clear that if a party intends to appeal, he or she must give notice to the judge and request a return date. Because no return date was requested in this case, the conviction and sentence became final, at the latest, 30 days from the date of the September 25, 2014 ruling.

that was treated as an application for post-conviction relief.[19] Accordingly, by the time Petitioner began collateral proceedings in this case, over seven years (2,558 days) of untolled time had elapsed. Therefore, one-year time period for filing a habeas application under § 2254 had long passed. If Petitioner had filed a timely application for post-conviction relief, the time to file a federal habeas application would have been tolled; however, Petitioner's application for post-conviction relief was denied by the trial court as untimely.[20] In *Pace v. DiGuglielmo*,[21] the Supreme Court held that "[w]hen a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)," noting that a postconviction petition cannot be "properly filed" under § 2244(d)(2) if it is rejected by the state court as untimely. This means nothing interrupted the limitations period from the time it began to run on October 28, 2014 after the denial of Petitioner's Motion to Reconsider until he filed the Petition in this Court on January 28, 2025.[22]

From the date Petitioner's conviction became final until the Petition in this Court was filed, over ten years or 3,745 days of untolled time passed. Therefore, the Petition is untimely.

### B.  Petitioner Has Not Established That He Is Entitled to Statutory or Equitable Tolling

This Court must dismiss an untimely habeas application under 28 U.S.C. § 2244(d) unless Petitioner can establish that he is entitled to tolling of the limitations period. To establish

---

[19] R. Doc. 9-1, pp. 38-57. Though the motion, which was treated as an application for post-conviction relief was date-stamped April 22, 2022, the state court noted the motion was filed on or about October 29, 2021. R. Doc. 9-1, p. 57. For the Petitioner's benefit, this Report and Recommendation also uses the earlier filing date.

[20] R. Doc. 9-1, pp. 51-52, 57.

[21] 544 U.S. 408, 414 (2005).

[22] Based on the prison mailbox rule, which generally applies to the court filing of documents by Louisiana inmates representing themselves, an inmate's pleadings are considered filed on the date they are presented to prison officials or placed into the prison mailing system for transmission to the court, not on the date that they are ultimately received or docketed by the court. *See Cooper v. Brookshire*, 70 F.3d 377, 379-80 (5th Cir. 1995); *Vicks v. Griffin*, 07-5471, 2008 WL 553186, at *3 (E.D. La. Feb. 28, 2008). A court generally presumes that the date the inmate signed and dated his pleading is the date he gave it to prison officials for mailing to the courts. *See Toomer v. Cain*, No. 09-7446, 2010 WL 4723365, at n.3 (E.D. La. July 30, 2010) (finding that, "[g]enerally, a court will look to the date a prisoner signed his pleading"). Because the Petition JWD signed on January 28, 2025, the Court uses this as the date the Petition was filed. R. Doc. 1, p. 8.

4

entitlement to statutory tolling under 28 U.S.C. § 2244(d)(1)(B), a petitioner must demonstrate that some state action, in violation of the Constitution or federal law, prevented him from filing a timely petition.[23] Petitioner has not shown any legal or factual basis for statutory tolling, and none is apparent from the record.

Petitioner did not address timeliness in his Petition and has not shown that equitable tolling is warranted.[24] The Fifth Circuit takes a holistic approach to determining whether equitable tolling is warranted—there is no bright line rule[25]—however, equitable tolling is only available "in rare and exceptional circumstances."[26] Generally, equitable tolling requires a showing of the following two elements: (1) that the litigant has been pursuing his rights diligently, and (2) some extraordinary circumstance has stood in his way.[27] "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify."[28] Ignorance of the law, lack of knowledge of filing deadlines, or a temporary denial of access to research materials or an adequate law library are generally not sufficient to warrant equitable tolling.[29] Further, equitable tolling "is not intended for those who sleep on their rights."[30] This means that a federal habeas petitioner is required to act with

---

[23] *See Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003).

[24] *See* R. Doc. 1, p. 6, ¶ 18; *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009).

[25] *Diggs v. Vannoy*, 840 Fed.Appx. 779, 781 (5th Cir. 2021) ("Equitable tolling is discretionary, does not lend itself to bright-line rules, and turns on the facts and circumstances of a particular case.") (internal quotations and citations omitted).

[26] *Hardy*, 577 F.3d at 598.

[27] *Pace*, 544 U.S. at 418.

[28] *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006), citing *Felder v. Johnson*, 204 F.3d 168, 174 (5th Cir. 2000).

[29] *Tate v. Parker*, 439 Fed.Appx. 375, 376 (5th Cir. 2011), citing *Felder,* 204 F.3d at 171-72 and *Scott v. Johnson*, 227 F.3d 260, 263 & n. 3 (5th Cir. 2000).

[30] *Manning v. Epps*, 688 F.3d 177, 184 (5th Cir. 2012).

diligence[31] and alacrity both during the period allowed for the filing of state post-conviction review proceedings and after a denial by state appellate courts of these applications for relief.[32] Petitioner has not argued he is entitled to equitable tolling, and, as more than seven (7) years passed between when his conviction became final and when Petitioner first sought post-conviction relief, there is no foreseeable circumstance that would enable this Court to find that Petitioner was pursuing his rights diligently.[33] Accordingly, Petitioner would not be entitled to equitable tolling, even if sought.

### C.  A Certificate of Appealability Should be Denied

Should Petitioner pursue an appeal, a certificate of appealability should also be denied. An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."[34] Although Petitioner has not yet filed a Notice of Appeal, the Court may address whether he would be entitled to a certificate of appealability.[35] A certificate of appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right.[36] In cases where the court has rejected a petitioner's constitutional claims on procedural grounds, the petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of a denial of constitutional rights *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[37] Here, reasonable jurists would not debate the correctness

---

[31] "The diligence required for equitable tolling purposes is reasonable diligence, . . . not maximum feasible diligence," and equitable tolling decisions must be made on a case-by-case basis. *Holland v. Florida*, 560 U.S. 631, 649-50, 653 (2010) (internal quotation marks omitted).

[32] *See Ramos v. Director*, Nos. 09-463/09-477, 2010 WL 774986, at *4 (E.D. Tex. Mar. 1, 2010).

[33] *DeBose v. Dir., TDCJ-CID*, No. 16-2, 2016 WL 6246448, at *3 (E.D. Tex. Oct. 25, 2016) (five years between conviction becoming final and filing of state habeas application "plainly does not bespeak reasonable diligence.").

[34] 28 U.S.C. § 2253(c)(1)(A).

[35] *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

[36] 28 U.S.C. § 2253(c)(2).

[37] *Ruiz v. Quarterman*, 460 F.3d 638, 642 (5th Cir. 2006), citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis in original).

of the procedural ruling that Petitioner's application is untimely given the length of time that passed between finality of his conviction and his first attempt to seek post-conviction relief. Accordingly, if Petitioner seeks to pursue an appeal in this case, a certificate of appealability should be denied.

## RECOMMENDATION

**IT IS RECOMMENDED** that Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody,[38] filed by Petitioner Donald Ray Smith, be **DENIED** as untimely, and that this case be **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER RECOMMENDED** that a certificate of appealability be **DENIED** if Petitioner seeks to pursue an appeal.

## ORDER

Considering the recommendation that this case be dismissed as untimely filed, **IT IS ORDERED** that the Motion to Appoint Counsel and Motion for Production of Documents and Motion for Definite Statement[39] are **DENIED**, without prejudice to reurging, if the case is not dismissed.

Signed in Baton Rouge, Louisiana, on May 26, 2026.

ERIN WILDER-DOOMES
UNITED STATES MAGISTRATE JUDGE

---

[38] R. Doc. 1.

[39] R. Docs. 14, 16. In the Motion for Definite Statement, Petitioner takes issue with the fact that the state court record was not included in the Answer he received from Respondent. R. Doc. 16-1. He alleges he requires trial transcripts to "assess the Constitutional errors at trial." R. Doc. 16-1, p. 2. As this Court recommends dismissal on procedural grounds, which, if adopted, would make the trial transcripts unnecessary, the Motion will be denied without prejudice.